UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

$\qquad\qquad$ *Plaintiff,*

**NOTICE OF OMNIBUS
MOTION**
Indictment
Case No. 1:20-CR-0080

$\qquad$ v.

COURTLAND RENFORD,

$\qquad\qquad$ *Defendant.*
_____

S I R S :

$\qquad$ Please take notice that upon the annexed affidavit of Samuel P. Davis, the undersigned moves this Court for an order consistent with the relief sought in the declaration annexed hereto and made a part hereof together with such other and further relief as to this court deems just and proper.

DATED:  Buffalo, New York
$\qquad$ July 29, 2020

$\qquad\qquad\qquad\qquad$ Respectfully submitted,

$\qquad\qquad\qquad\qquad$ /s/Samuel P. Davis____
$\qquad\qquad\qquad\qquad$ SAMUEL P. DAVIS, ESQ.
$\qquad\qquad\qquad\qquad$ Counsel for Defendant
$\qquad\qquad\qquad\qquad$ COURTLAND RENFORD
$\qquad\qquad\qquad\qquad$ Office and Post Office Address
$\qquad\qquad\qquad\qquad$ 1260 Delaware Avenue
$\qquad\qquad\qquad\qquad$ Buffalo, New York 14209
$\qquad\qquad\qquad\qquad$ (716) 852-1888
$\qquad\qquad\qquad\qquad$ Spdavis92@gmail.com

TO:$\quad$ JEREMIAH LENIHAN, ESQ.
$\qquad$ ASSISTANT UNITED STATES ATTORNEY
$\qquad$ 138 Delaware Avenue
$\qquad$ Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

UNITED STATES OF AMERICA,

                               *Plaintiff,*

       *v.*

COURTLAND RENFORD,
VINCENT RENFORD             *Defendant*.

———————————————————————

**DECLARATION IN SUPPORT OF NOTICE OF OMNIBUS MOTION**
Indictment
Case No.: 1:20-CR-0080

SAMUEL P. DAVIS, ESQ., says:

1.     I am an attorney duly licensed and I represent the defendant COURTLAND RENFORD in the above captioned matter.

2.     Mr. Renford was charged in a one-count Indictment in violation of 18 USC §844(i).

3.     The defendant has pled not guilty.

## I

## MOTION TO SUPPRESS STATEMENTS

4.     Voluntary discovery has revealed that incriminating statements are attributed to Mr. Renford which were attained by law enforcement personnel after arresting Mr. Renford on or about May 31st through June 1st , 2020.

5.     Counsel requests notice of the intention by the government to use any such statements and a full description of the circumstances in which they may have been made, as

2

well as any and all documents pertinent to this issue.  Additionally, counsel requests the disclosure of any and all recordings (in any form or format) which may have been made of Mr. Renford's interrogation and statements.

6.     Accordingly, Mr. Renford reserves his right to move to enlarge and supplement this motion to suppress any statements taken in violation of his Fifth Amendment right; furthermore, he requests that a hearing be conducted to resolve any outstanding factual issues.

7.     Initially, Mr. Renford has advised your declarant that he was interrogated after his arrest and before the administration of his *Miranda* rights.

8.     Mr. Renford has further advised your declarant that he also specifically limited his acquiescence to giving a statement upon the explicit condition that such be recorded and that interrogating agents appeared to have initiated such a recording.

9.     Discovery provided to date has reflected that no recording was made; accordingly, in the event agents engaged in subterfuge in order to induce Mr. Renford to submit to their questioning such was not done by Mr. Renford knowingly, intelligently or voluntarily.

10.    Your declarant believes that any rights were provided to him pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), were improperly administered to him, warranting the suppression of any and all statements made by him to law enforcement.

11.    As the court well understands, *Miranda v. Arizona, supra*, requires that police advise a defendant, prior to any questioning, of various rights that he has.  A failure expressly to inform a defendant that he has various rights and the right to have an attorney present during questioning is fatal to the admissibility of any statements.  Of course, under the circumstances, if a defendant is subjected to "custodial interrogation," *Illinios v. Perkins*, 496 US 292, 296 (1990),

the warnings must be provided; here, it is believed that any such rights were improperly administered. It is clear, therefore, that based upon the foregoing and, as other facts will indicate at a suppression hearing, that in the absence of properly administered *Miranda* warnings, any statements attributed to Mr. Renford must, in all respects, be suppressed.  Additionally, any conduct which may have negated a purported knowing, intelligent and voluntary waiver of Mr. Renford's rights must result in the suppression of his statements.

12.    As a consequence, your declarant asks that this Court conduct a hearing to determine whether statements attributed to Mr. Renford are, in fact, admissible.  Your declarant believes that the statements are not admissible and should be suppressed.

13.    An affidavit, if necessary, to obtain a hearing, will be filed.


## II

### MOTION FOR GRAND JURY TRANSCRIPTS AND FOR DISMISSAL ON THE GROUNDS OF INSUFFICIENT EVIDENCE.

14. Mr. Renford moves the Court, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(C)(i), for disclosure of transcripts of all testimony before and all exhibits considered by the grand jury that indicted Mr. Renford.  The Court should order production of the transcripts because defendant has a particularized need for the transcripts, outlined below, which outweighs the grand jury policy of secrecy.  *See, e.g.*, *Pittsburgh Plate Glass Company v. United States* , 360 U.S. 395, 400 (1959); *see also, e.g.*, *Dennis v. United States*, 384 U.S. 855, 868-75 (1966).

15. Accordingly, the evidence that was presented to the grand jury to establish these essential facts is crucial.

16. It is submitted that there does not exist any evidence that can establish that Mr. Renford is actually responsible for starting the fire which ultimately went into Buffalo City Hall.

17. The particularized need justifying disclosure is so that Mr. Renford is informed of what evidence actually exists against him, and so he can intelligently make a decision as to his course of action.  For these reasons, the grand jury transcripts and evidence should be disclosed to Mr. Renford.

18. More importantly, Mr. Renford moves for the extraordinary relief of review of the grand jury minutes by the Court in order to determine the specific documents and papers at issue and the sufficiency of the evidence presented.  In the event that insufficient evidence in this regard was presented to the grand jury, in particular in regard to him starting the fire, Mr. Renford respectfully moves to dismiss the instant Indictment.

## III

## MOTION FOR A BILL OF PARTICULARS

19. Mr. Renford requests a bill of particulars relevant to the charges contained in the indictment.

20. As the Court knows, Rule 7(f) of Federal Rules of Criminal Procedure permits the Court to direct the filing of a bill of particulars.  As recognized by the Second Circuit, the bill of particulars has three functions:  (1) to inform the defendant of the nature of

2

the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes. *United States v. GAF Corp.*, 928 F.2d 1253 (2d Cir. 1991); *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988); *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987).

21. As recognized by the Court in *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989),

Prior to 1966, Rule 7(f) limited bills of particulars to those situations in which the moving party demonstrated the cause for his request. By amending the rule in 1966 to eliminate the cause requirement, the drafters expressly sought "to encourage a more liberal attitude by the courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Fed. R. Crim. P. 7 Advisory Committee's note to 1966 amendment. Consistent with this shift, the case law now recognizes that motions for bills of particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.

22. In accordance with these principals, we request that certain specified particulars be supplied because without such information counsel's ability to prepare a defense is significantly impaired and it is likely that prejudicial surprise at trial will occur.

23. For the reasons set forth above, Mr. Renford requests the following particulars:

a.      Specify the specific damage allegedly caused by Mr. Renford.
b.      Specify how the fire was started that made its way into City Hall.
c.      Specify how the window was broken which the fire was placed in.

3

d.               Specify the specific times, dates and locations where Mr. Renford committed the crimes alleged and criminal acts set forth in the Indictment.

e.               Name any accomplices who played a part in the planning and execution of the crime alleged.

24. The fact that evidentiary details or the government's theory of the case may be revealed is insufficient reason to deny a reasonable request for a bill of particulars. *United States v. Greater Syracuse Board of Realtors*, 438 F. Supp. 376 (N.D.N.Y. 1977).

## IV

### MOTION FOR DISCOVERY PURSUANT TO RULE 16 AND NOTICE OF INTENTION PURSUANT TO RULE 12

25. The government has provided much voluntary discovery.  However, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A)(B)(C) & (D), the defendant now moves to compel discovery of any items or information to which the defendant is entitled. Specifically, this request includes, but is not limited to, the following:

a.    copies of any and all records, including reports and/or logs, relating to the instant case which are in any way relevant to the government's case;

b.    copies of all records, including reports and/or logs, regarding radio transmissions from the officers at any search warrant or arrest warrant regarding the investigation;

c.    copies of any reports and/or test results relating to determination of any issue in this case;

4

e.      copies of any and all photographs taken relating to this investigation;

f.      copies of any and all documents and photographs seized on the day of any searches in this case.  If seized, state what documents were seized and specifically where they were seized from.  (That is what room, what box, what file cabinet etc.);

g.      inspection of all items seized from the defendant on the day of his arrest;

h.      disclosure of the names and identities of expert witnesses the government intends to call at trial, their qualifications, subject of testimony, and reports, and the results of tests, examinations or experiments which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at the trial;

i.      a copy of any search warrant or arrest warrant applied for and/or issued or denied during the course of this investigation (whether state, federal or local) or any seizure warrant including applications or affidavits in support; and

j.      pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, the defendant requests written notification of any evidence that the government intends to use in its case-in-chief that may, in any way, be subject to a motion to suppress and which the defendant is entitled to discover pursuant to Rule 16.

26. Pursuant to Rule 16, Mr. Renford requests that the government provide him with discovery as provided by that Rule, to the extent that they have not already done so. Mr. Renford notes that the government has provided the defense access to some discovery documents in their possession.  Nevertheless, this motion is brought to preserve the defendant's discovery rights.

27. Rule 12(b) establishes a procedure for notifying a defendant of the government's intention to use certain evidence at trial.  The express purpose of this procedure is to afford an opportunity for submission of pre-trial motions seeking the suppression of such evidence [Rule 12(b)(1) and (2)].  Specifically, Rule 12(b)(4)(B) provides that at the

5

defendants request, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), he may request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

28. Therefore, pursuant to Rule 12(b), request is hereby made for the immediate disclosure by the government of a notice setting forth any evidence which the defendant may be entitled to discover under Rule 16 which the government intends to utilize at trial, including, but not limited to:

## Statements of Defendant

29. Mr. Renford hereby requests notification of any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendants whether before or after arrest in response to interrogation by any person then known to the defendants to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged.  The government must also disclose to the defendant the substance of any other relevant oral statement made by the defendants whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

A)                                        All oral written or recorded statements or testimony in the government's possession made by the defendant, and all reports related to the circumstances of such statements.

6

B)                                          A copy or inspection of any books, papers, documents or photographs or tangible objects obtained from or belonging to the defendant or which will be used by government's case-in-chief or are otherwise material to the preparation of the defendant's defense, and any and all reports related to the circumstance under which books, papers, documents, etc., came into the possession of the government.

C)                                          Any photograph or drawing related to the actual proceeding herein made or completed by a public servant engaged in law enforcement activities or which was made by a person whom the prosecution intends to call as a witness at trial or which the prosecution intends to produce at trial including but not limited to motion pictures, video tapes, drawings, sketches, diagrams, charts or other graphic representations of scenes or places or tangible objects relative to this case.

D)                                          A copy of all search and/or arrest warrants issued by any court in connection with this case; included in this request is a specific request for:

    1)      The application for search and/or arrest warrant and any supporting document or material referred to therein; and

    2)      Any and all reports completed by any member of any law enforcement agency before, during and after the search warrant was executed.

    3)      The date and time that any search warrant was executed against the person or property or any other person in connection with this case.

    4)      An inventory of all materials seized from any person or property, including residences and automobiles of the defendant or any other person in connection with this case pursuant to search warrant or otherwise and state with particularity the exact description of the documents and where they were seized from; and

    5)      Any other property obtained from the defendant or any other person in connection with this case, and the circumstances under which it was obtained;

    6)      Any tapes or electronic recordings which the prosecution intends to introduce at trial, irrespective of whether such recording was made during the course of the alleged criminal transaction; and

7)      The date, time and place of every occasion which any surveillance, mail cover search and/or seizure, whether electronic, photographic, mechanical, visual, oral, or of any other type, was made of defendant, together with all documents, photographs, recordings or other materials resulting from or relating to such occasions, included in this request is a specific request for all tapes made pursuant to any eavesdropping, including any wiretapping, warrant or extension of renewal thereof.

8)      Any video tapes, audio tapes or other electronic recordings of defendant.

9)      If photographs, sound recordings or video recordings were taken of defendant or agent, servant or employee of defendant, provide the following:

      a)      The name of the person that took the photographs or records;

      b)      The time the photographs or recordings were taken;

      c)      The location in which they were taken;

      d)      The circumstance under which they were taken;

      e)      The technical experience of the persons who took the photographs or recordings;

      f)      Whether defendant was read *Miranda* rights or any other rights prior to the taking of the photographs or recordings, and

      g)      Whether defendant was given any opportunity to refuse to have any photographs taken or to be subject to sound or video recordings.

E)      Disclosure of the names and identity of expert witnesses the government intends to call at trial, their qualifications, subject of testimony, and reports; and any reports of tests, examinations (included but not limited to any mental examination) or experiments which are material to the preparation of defendant's defense or which are intended for use by the government at trial.

F)                              A written summary of expert testimony the government intends to use during its case in chief pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.

G)                              Disclosure of any and all prior similar acts, if any, or convictions of a similar nature to the charges in this case, if any, which the government will seek to rely upon or introduce as evidence at the hearing or trial in this case for any purpose including proof of knowledge or intent on the part of the defendant in this case in the investigative reports and witnesses concerning such acts.

H)                              Any and all specific instances of other crimes, wrongs or acts which the prosecution plans to use at trial for any reason pursuant to Federal Rules of Evidence 404(b).

### Defendant's Prior Record

30. Mr. Renford hereby requests a copy of his prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

### Documents and Tangible Objects

31. Mr. Renford requests the following: (1) any tangible items within the government's possession, custody and/or control which the prosecutor intends to use as evidence in chief; (b)  any tangible items within the government's possession, custody and/or control which was obtained from the defendant or which belong to the defendant;

(c) any tangible items within the government's possession, custody and/or control which is material to the preparation of the defendant's defense; and (d) any and all recordings of any conversations which pertain to any of the facts alleged in the instant Indictment.

## <u>Search and Seizure</u>

32. In order to preserve his rights, to the extent not yet provided, Mr. Renford hereby seeks notification of whether any evidence to be offered at trial consists of or was derived from the "fruits" of any search and/or seizure authorized by virtue of a judicial and/or administrative search warrant.

33. In the event that any such evidence consists of or was derived from the "fruits" of any judicial and/or administrative search warrant as referred to above, request is made for:

(a)      a copy of each such search warrant;

(b)      a copy of each written search warrant application together with any supporting affidavit(s);

(c)      a copy of each voice recording, stenographic transcript and/or longhand record with respect to any oral search warrant application;

(d)      a copy of any search warrant inventory return;

(e)      the exact time and date when the United States government entered into the investigation of the defendant or any co-defendant relative to the instant matter; and

(f)      whether the United States Government, including any police officials or United States prosecutors, had any involvement in the instant case, including communication or correspondence with Canadian officials at the time any search warrants were issued.

34. In the event that any evidence was acquired in the fashion(s) referred to above, request is made for any item consisting of, derived from and/or purporting to memorialize the "fruit" of any search and/or seizure.

35. Accordingly, counsel moves for the disclosure of any and all search warrants and applications and respectfully moves for the reservation of his right to file supplemental motions to controvert them if appropriate.

## Identification

36. Mr. Renford requests notification of whether any evidence to be offered at trial relates to or is derived from an identification of defendant Renford's person, voice, handwriting, his picture and/or a composite sketch purporting to embody his facial features.

37. In the event that any such evidence will be offered at trial, a statement is requested setting forth the following:

(a)     the exact date, time and place where the identification proceeding occurred; and

(b)     the substances of the identification proceeding to include the names of all persons present thereat.

38. If any such evidence to be offered at trial relates to non-corporeal identification proceedings, request is made for access to any and all pictures, sketches, voice exemplars, and/or handwriting specimens utilized during the course of any such identification proceeding.

## Reports of Examinations and Tests

11

39. Mr. Renford respectfully requests disclosure of any and all results of any physical, mental and/or scientific examinations, tests and/or experiments within the prosecution's possession, custody and/or control which are either intended by the prosecution to be used as evidence in chief or which are material to the defense preparation and have not been previously provided.

### *Jencks* Material

40. Mr. Renford respectfully requests disclosure of *Jencks* material (18 USC §3500) at least 30 days in advance of trial so as to permit its meaningful use by the defense.

41. It is respectfully requested that the defense motion for discovery and inspection pursuant to Rule 16, and notice of intention be granted.

## V

## MOTION TO COMPEL PRODUCTION OF *BRADY* MATERIAL

42. Pursuant to the prosecution's obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392 (1976), *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375 (1985) and *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555 (1995), Mr. Renford hereby moves the Court for the immediate disclosure of all exculpatory and/or impeaching material in the prosecution's possession, custody or control or which is otherwise known to the prosecution, including, but not limited to, the following:

(a)      Any and all information and/or material which tends to exonerate Mr. Renford or which tends to show that he did not knowingly commit any offenses alleged in the indictment.

(b)      Any and all evidence which tends to impeach the credibility of any prospective government witness (including co-defendants), including, but not limited to:

> (1)      Any and all records or information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including but not limited to, relevant "rap sheets" of each witness the prosecutor intends to call at trial;

> (2)      Any and all records and information revealing prior or subsequent misconduct, unethical conduct, criminal acts or bad acts of any witness, including co-defendants, the prosecutor intends to call at trial;

> (3)      Any and all allegations of prior or subsequent misconduct, unethical conduct, criminal acts or bad acts of any witness, including co-defendants, the prosecutor intends to call at trial of which the prosecutor knows or through the exercise of reasonable diligence should have reason to know;

> (4)      Any and all consideration or promises of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police or informers, to or on behalf of any witness, including co-defendants, or on behalf of a relative of any such witness or co-defendant, the government intends to call at trial, or any such consideration or promises expected or hoped for by any such witness, or relative of any witness, at any future time.   Such "consideration" refers to anything which arguably could be of value or use to a witness, or relative of the witness, including but not limited to:  formal or informal, direct or indirect, leniency; favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, regulatory, disciplinary or other matter involving the state or federal government or agency thereof, any association, (including legal association), any other authority, or other parties; civil, criminal or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees; provisions of food, clothing, transportation, legal services, alcohol or drug related rehabilitation services or other

13

benefits; placement in a "witness protection" program; informer status of the witness; letters to anyone informing the recipient of the witness' or the relative's cooperation; recommendations concerning licensing, certification or registration; recommendations concerning federal aid or benefits; promises to take affirmative action to help the status of the witness or co-defendant, or relative of the witness or co-defendant, in a profession, business or employment or promises not to jeopardize such status; aid or efforts in securing or maintaining the business or employment of a witness, or a relative of the witness; and anything else which arguably could reveal any interest, motive or bias of the witness in favor of the prosecution or against any defendant or which could act as an inducement to testify or to color his testimony;

(5)      With respect to each witness and/or co-defendant the government intends to call at trial, or any member of the immediate family of any such witness, copies of all indictments, complaints or informations brought against such person by the federal, or any state or local government, all administrative, disciplinary, regulatory, licensing, tax, customs, or immigration proceedings brought by the federal, or any state or local government, or by any regulatory body or association, and, state what counts or actions have been the subject of guilty pleas, convictions, consent decrees, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken.   If the government does not have copies of all indictments, complaints, or proceedings, state the dates and places of arrests, hearings, indictments, and information, the charges brought, and the disposition of those charges or matters so far as it is known to the government;

(6)      With respect to each witness and/or co-defendant the government intends to call at trial, or any member of the immediate family of any such witness, a written summary of all charges or proceedings which could be brought by the federal, or any state or local government, but which have not or will not or which the witness believes have not or will not be brought because the witness is cooperating with or has cooperated with the government, or for any reason.   Include copies of all memoranda of understanding between the government and its witnesses, whether by way of a letter to the attorney for a witness or otherwise;

14

(7)     Any material not otherwise listed which reflects or evidences the motivation of any witness and/or co-defendant either to cooperate with the government or any bias or hostility against any defendant; the existence and identification of each occasion on which a witness has testified before any court, grand jury, administrative, regulatory, disciplinary body or other association, or otherwise officially narrated herewith, in the investigation, the indictment or the facts of this case, and any testimony, statements or documents given by the witness regarding same;

(8)     Copies of all medical and psychiatric reports known to the prosecutor or which can reasonably be known to the prosecutor concerning any witness and/or co-defendant the prosecutor intends to call at trial which may arguably affect the witness' credibility or his ability to perceive, relate or recall events;

(9)     All documents and other evidence regarding drug or alcohol usage and/or dependency by any individual the government intends to call as a witness at trial, including but not limited to records relating to treatment of such individual in any federal, state, city or military drug or detoxification program;

(10)     Any written or oral statements, whether or not reduced to writing, made by any potential prosecution witness and/or co-defendant which in any way contradicts or is inconsistent with or different from other oral or written statements he has made;

(11)     Any requests prepared by the prosecution for permission to grant formal or informal immunity or leniency for any witness and/or co-defendant, whether or not such request was granted;

(12)     The same records and information requested in items "(1)" through "(11)" with respect to each non-witness declaring whose statements will be offered in evidence at trial pursuant to Fed. R. Evid. 806;

(13)     Copies of any and all records of law enforcement agencies reflecting intradepartmental disciplinary action taken against any law enforcement official or agent who will testify at trial;

(14)     Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards or recognition or any kind, or requests for any commendations, awards or recognition of any kind made to or by any government agent or

15

law enforcement officer for any work, action or conduct in connection with the investigation and prosecution of this case.

(c)     The name and address and written or oral statements made by any person, including co-defendants, with knowledge and information concerning the events charged in the indictment and whose version of the same events is contrary to, or non-supportive of, the accusations set forth in the indictment.

(d)     The name and address and any written or oral statement made by any persons and/or co-defendants the government reasonably believes has information helpful to the preparation of the defense.

(e)     The name and address and any written or oral statement made by any witnesses or co-defendants to the offense charged in the indictment whom the government does not intend to call as witnesses in this case.

43. Due process, as the constitutional phrase has been interpreted, requires that the government not suppress evidence favorable to a defendant or discrediting to its own case, and, upon request, that it disclose to the defense all such information.  *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963); *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392 (1976); *Pyle v. State of Kansas*, 317 U.S. 213, 63 S.Ct. 177 (1942).  The requirement of disclosure extends to candor by the government witnesses as well as matters which relate more directly to guilt or innocence.  *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972); *Napue v. People of the State of Illinois*, 360 U.S. 264, 79 S.Ct. 1173 (1959).  *See also, Daniels v. Dutton*, 400 F.2d 797 (5th Cir. 1968), *cert. denied*, 393 U.S. 1105, 89 S.Ct. 908 (1969).

A.     **Time of Disclosure.**

44. Effective preparation for trial is the cornerstone of effective representation of criminal defendants and disclosure of information which, in any of a variety of ways,

16

impeaches the witness' credibility is consequently required <u>before</u> trial in order to enable effective preparation.  As the Court in *United States v. Pollack* pointed out:

> Disclosure by the government must be made at such a time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criterion requires pre-trial disclosure.  [Citations omitted].

*United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976).

45. The need for pre-trial disclosure of *Brady* material has been highlighted in several cases.  In *United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993), irreconcilable discrepancies between the informer's actual record and government representations about the prior record indicated the informer had misled his government handlers.  The court vacated the conviction and remanded for an evidentiary hearing "to restore the parties" to their "pre-trial" position and to ascertain whether the informer had lied to the government.  989 F.2d at 336-337.  *See also, United States v. Bejasa*, 904 F.2d 137, 140 (2d Cir. 1990), *cert. denied*, 498 U.S. 921, 111 S.Ct. 299 (1990) (a government file which contained impeachment material regarding a prosecution witness should have been produced "prior to" the witness' testimony); *Gorham v. Wainwright*, 588 F.2d 178 (5th Cir. 1979) (under certain circumstances, delayed revelation of discoverable evidence may deny a defendant an effective defense); *United States v. Opager*, 589 F.2d 799 (5th Cir. 1979) (harm was done by the pre-trial failure of the government to disclose the whereabouts of the informant; crucial importance was given to pretrial opportunity to interview and/or investigate potential witness); *Grant v. Alldredge,* 498 F.2d 376, 381-382, n.5 (2d Cir. 1974) (failure of government to disclose before trial that bank teller picked out photograph of another individual was error); *United States v. Baxter, et al.,* 492 F.2d 150 (9th Cir. 1973), *cert.*

*denied*, 416 U.S. 940, 94 S.Ct. 1945 (1974) (delay in turning over requested favorable evidence is unconstitutional when delay in disclosure substantially prejudiced the preparation of the defense); *Clay v. Black*, 479 F.2d 319 (6th Cir. 1973) (per curiam) (pre-trial disclosure of an FBI scientific report would have permitted defense to establish necessary claim of custody to introduce certain blood stains); *United States v. Polisi*, 416 F.2d 573 (2d Cir. 1969) (the importance of *Brady* is to measure the effects of the suppression upon the defendant's preparation for trial); and *Hamric v. Bailey*, 386 F.2d 390 (4th Cir. 1967) (to be effective, disclosure must be made at a time when disclosure would be of value to the accused).

46. The due process requirements of disclosure are reinforced by a federal court's supervisory powers. In this federal prosecution, this Court can ensure that justice is administered properly in the federal courts by requiring immediate disclosure of the information sought, including impeachment materials.

47. Counsel specifically reserves the right to make additional requests for the material covered above at the time this motion is argued, or at such other time as the existence of such materials shall become known to counsel for the defendant, and it is respectfully requested that the prosecution be admonished that its duty under *Brady/Giglio* is a continuing one.

## VI

## MOTION FOR DISCLOSURE OF EVIDENCE PURSUANT TO RULES 404(b), 608 AND 609 OF THE FEDERAL RULES OF EVIDENCE

18

48. Pursuant to Rules 12(b)(4), (d)(1) and (2) of the Federal Rules of Criminal Procedure, and Rules 104(a) and 404(b) of the Federal Rules of Evidence, Mr. RENFORD respectfully requests that the government notify him of any evidence that the government contends would be admissible under Rule 404(b) of the Federal Rules of Evidence.

49. The defendant also request pretrial disclosure of any other evidence the government intends to use to impeach the defendant's credibility if he should choose to testify. In the event the government intends to use such evidence, the defendant requests a pretrial hearing to determine the admissibility of such evidence.

50. The defense should be put on notice of the exact nature of this evidence, the witnesses pertaining thereto, the documents in support thereof, and the theory upon which the government asserts that admissibility rests.  By so notifying the defense in advance of trial, the defendant can file appropriate motion(s) *in limine* prior to trial and afford the Court the occasion to make pretrial determinations regarding the admissibility of any potential Rule 404(b) evidence proffered by the prosecution.

51. The defense requests discovery of all information pertaining to the character and/or conduct that may be used to impeach any witness the government intends to call.

52. The pretrial determination of the admissibility of this evidence question will serve to ensure the smooth operation of the trial, eliminate possible extraneous objections and assist both the government and defense counsel in the presentation of evidence.

# VII

## MOTION FOR DISCLOSURE OF WITNESS STATEMENTS

53. Under 18 USC §3500 (the "Jencks Act"), a defendant is entitled to witness statements after the witness has completed his or her testimony on direct examination. This Court has, on a case-by-case basis, invoked its discretion to require production of Jencks Act statements in advance of the trial so that unnecessary delays will not take place during the course of the trial.

54. Mr. Renford requests the Court to order the government to deliver to counsel immediately, but in no event not later than 30 days prior to the date of the trial, the following:

a.      any statement, however taken or recorded, or a transcription thereof, if any, made by the witness(es) to a grand jury;

b.      any written statement made by a witness that is signed or otherwise

c.      adopted or approved by the witness;

d.      any stenographic, mechanical, electrical or other recording transcription thereof, which is a substantially verbatim recital of an oral statement made by the witness and recorded contemporaneously with the making of such oral statement;

e.      any and all rough notes of witness interview(s) taken or obtained in any investigation of the defendant including federal, state, local and other investigations whether or not the contents thereof have been incorporated in official records;

f.      any notes and memoranda made by government counsel during the interviewing of any witness intended to be called by the government in its direct case. *Goldberg v. United States*, 425 U.S. 94, 101-108 (1976); and,

g.      all surveillance reports made or adopted by a witness. *United States v. Petito*, 671 F.2d 68, 73 (2d Cir. 1932).

55. In addition to avoiding unnecessary delays, sufficient pretrial delivery of

20

*Jencks* material also insures that the defendant's fundamental rights to a fair trial and due process are safeguarded.

## VIII

## MOTION FOR PRESERVATION OF ROUGH NOTES
## AND OTHER EVIDENCE

56. Mr. Renford moves for an order of this Court requiring all government agents and officers who participated in the investigation of the defendants in this case to retain and preserve all rough notes taken as part of their investigation whether or not the contents of the notes are incorporated in official records.

57. This motion is made so the trial court can determine whether disclosure of the notes is required under *Brady*, *Agurs*, *Giglio* and/or the Jencks Act (18 USC §3500) or the Fifth and/or Sixth Amendments of the United States Constitution.

58. Mr. Renford also requests an order of this Court requiring the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their investigation of the defendants.

## IX

## OTHER MOTIONS

59. Your declarant reserves his right to file any other motions which may be necessary under the circumstances of this case.

WHEREFORE, your declarant prays that this Court rule accordingly.

21

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29th, 2020                     /s/Samuel P. Davis_____
                                                 SAMUEL P. DAVIS, ESQ.
                                                1260 Delaware Avenue
                                                Buffalo, NY 14209
                                                Phone (716) 852-1888
                                                Fax (716) 852-3588
                                                Spdavis92@gmail.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              *Plaintiff,*

                                             Case No.  1:20-CR-0080

                 v.

COURTLAND RENFORD,
                              *Defendant.*
_____

## CERTIFICATE OF SERVICE

      I hereby certify that on 07/29/20 I electronically filed the forgoing on behalf of the interested parties with the Clerk of the District Court using the CM/ECF system.

      I hereby certify that on 07/29/20 a copy of the foregoing was also delivered to the following using the CM/ECF System.


JEREMIAH LENIHAN, ESQ.
ASSISTANT UNITED STATES ATTORNEY
 138 Delaware Avenue
 Buffalo, New York 14202


DATED:        Buffalo, New York
              July 29th, 2020



                         /s/Samuel P. Davis_____
                         Samuel P. Davis

23