IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

             v.                                    20-CR-80-RJA-JJM

COURTLAND RENFORD,

                  Defendant.
_____

## GOVERNMENT'S RESPONSE TO
## DEFENDANT RENFORD'S OMNIBUS PRETRIAL MOTION

THE UNITED STATES OF AMERICA, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Jeremiah E. Lenihan, Assistant United States Attorney, of counsel, hereby files its response to defendant COURTLAND RENFORD's omnibus pretrial motion (Dkt. 36).

## I.      PROCEDURAL HISTORY

On or about June 4, 2020, a Grand Jury sitting in the Western District of New York, returned a one-count Indictment charging the defendant with Arson of a Building Used in Interstate Commerce, in violation of Title 18, United States Code, Section 844(i).

As part of its voluntary discovery disclosure, and subject to the Scheduling Order signed by the Honorable Jeremiah J. McCarthy, United States Magistrate Judge on June 22, 2020, the government provided to defense counsel, or made available for inspection, copies of the following documents:

a.      News camera video footage of the defendant setting fire to Buffalo City Hall;

b.      Buffalo City Camera Footage;

c.      911 Calls and CAD Reports;

d.      Photographs of Buffalo City Hall fire and evidence recovered from the defendant's residence;

e.      Video of the defendant's interview;

f.      Body Camera Footage of Buffalo Police Officers at the defendant's residence;

g.      Witness Interview;

h.      Elmwood Avenue 7-11 Burglary Footage;

i.      Laboratory Report of damage to Buffalo City Hall;

j.      Facebook and Cell Phone Search Warrants, Applications, and Affidavits;

k.      Reports associated with the defendant's arrest, including arrest paperwork, complaints, police reports, notice of defendant's statement, permission to search forms, signed <u>Miranda</u> cards; and typed-written statement of the defendant; and

l.      Cell Phone Extraction Reports.

On July 29, 2020, the defendant filed his pretrial omnibus motion at Dkt. 36.  Since the filing of the defendant's omnibus motion, the government provided defense counsel with additional discovery:

a.      Amended Cell Phone Search Warrant, Application, and Affidavit;

b.      Facebook Search Warrant Return; and

c.      Defendant's Criminal History.

## II.     <u>LEGAL DISCUSSION</u>

### A.     <u>MOTION TO SUPPRESS DEFENDANT'S STATEMENT</u>

The defendant, without providing any basis for support, seeks to suppress statements made to law enforcement, or in the alternative, he requests an evidentiary hearing.  The defendant has not filed an affidavit to meet his burden.  This Court should, therefore, deny the defendant's request, since he has not created an issue of material fact.

To be entitled to an evidentiary hearing, a defendant must make a preliminary showing of facts, which if proved, would necessitate the granting of the relief requested.  To meet that burden the defendant must submit his own affidavit or an affidavit from a person who has personal knowledge of the relevant facts.  <u>United States v. Gillette</u>, 383 F.2d 843, 848-49 (2d Cir. 1967).  If an affidavit is submitted, it must be "specific, detailed, and nonconjectural." <u>United States v. Pena,</u> 961 F.2d 333, 399 (2d Cir. 1992).  In order to create a factual dispute, a defendant "must submit sworn factual allegations from an affiant with personal knowledge." <u>United States v. Urena–Pere</u>, No. 91 CR. 946 (LLS), 1992 WL 17977 at *1 (S.D.N.Y. Jan. 24, 1992); <u>see also</u> <u>United States v. Culotta</u>, 413 F.2d 1343, 1345 (2d Cir. 1969) (holding that papers reciting only bare factual allegations were insufficient to require an evidentiary hearing).  "An attorney's affirmation alleging facts 'upon information and belief' is completely inadequate to raise a factual issue justifying a hearing."  <u>United States v. Militello</u>, No. 13-CR-165A, 2013 WL 6498961, at *2 (W.D.N.Y. Dec. 11, 2013).

Since no affidavit has been filed by the defendant, or anyone with personal knowledge, the Court has discretion to deny a hearing where the defendants' papers fail to create a dispute over a material fact.  See Scheduling Order, Dkt. 17; see also United States v. Watson, 404 F.3d 163 (2d Cir. 2005); and United States v. Caming, 968 F.2d 232, 236 (2d Cir. 1992).  Fed. R. Crim. P. requires the moving party to "serve any supporting affidavit with the motion." As stated in United States v. Lewis, "[t]he time for defendant to properly support the motions has expired."  2018 WL 3195158 (W.D.N.Y., Feb. 1, 2018).  In the instant case, in the absence of a detailed, factual affidavit of a person with personal knowledge, his motion should be denied.

Additionally, the defendant, even if he were to submit an affidavit, will fail to create an issue of material fact since Miranda warnings were read to the defendant and he voluntarily waived those rights.  For example, at the scene of his arrest, a Fire Marshall read the defendant his Miranda warnings, which the defendant acknowledged and waived.  (See Exhibit A, Miranda Warnings Card signed and dated by the Fire Marshall).   Then, after being transported to Buffalo Police Headquarters, another Fire Marshall and an Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), conducted a videotaped interview with the defendant.  The defendant was read his rights on video, acknowledged those rights, and voluntarily waived those rights.  (See Exhibit B, Miranda Warnings Card signed by police personnel and the defendant).  There is simply no evidence to suggest that "agents engaged in subterfuge in order to induce" the defendant to submit to questioning. (Dkt. 36 ¶ 9).  As such, this request should be denied.

## B.   MOTION FOR GRAND JURY TRANSCRIPT AND/OR DISMISSAL OF INDICTMENT

### 1.   Motion for Grand Jury Transcripts

The defendant moves for disclosure of all transcripts and exhibits considered by the grand jury.  Federal Rule of Criminal Procedure 16(a)(1)(B)(iii) only authorizes disclosure of the defendant's own recorded testimony before a grand jury relating to the charged offense. The defendant has not testified in the grand jury relating to this case and, therefore, is not entitled to any grand jury transcripts. There is a presumption that Grand Jury proceedings are lawful and regular.  Hamlin v. United States, 418 U.S. 87, 139 n.23 (1974); United States v. Salameh, 152 F.3d 88, 109-110 (2d Cir. 2004); United States v. Torres, 901 F.2d 205, 232 (2d Cir. 1990).  In United States v. R Enterprises, Inc., 498 U.S. 292 (1991), the Supreme Court reaffirmed that "the law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority."  Id. at 300.


Rule 6(e)(2) of the Federal Rules of Criminal Procedure provides that, subject to narrow exceptions, a government attorney "shall not disclose matters occurring before the grand jury."  Disclosure of Grand Jury proceedings to a defendant is available only by order of Court.  Fed. R. Crim. P. 6(e), which:

> was not designed as an authorization for pretrial discovery.  Its purpose, on the contrary, is to protect the secrecy of the Grand Jury proceedings by restricting disclosure to the exceptional case where a particularized need is shown.

United States v. Weinstein, 511 F.2d 622, 627 (2d Cir.) (footnote omitted), cert. denied, 422 U.S. 1042 (1975).  A defendant seeking disclosure of Grand Jury proceedings bears the burden of establishing that his "particularized need" for such disclosure outweighs the general policy

of Grand Jury secrecy.  Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959).

Conclusory allegations of need or impropriety are not sufficient to satisfy this heavy burden.

United States v. Calandra, 414 U.S. 338, 345 (1974).  A defendant's request for "review of

grand jury minutes is rarely granted without specific allegations of governmental

misconduct." Torres, 901 F.2d at 233.


In the instant case, the defendant's motion for the disclosure of grand jury testimony

is without merit.  The defendant has provided no basis for a disclosure of the grand jury

testimony.  Further, the defendant has not made any showing of misconduct, and the

defendant's motion is completely void of any specific allegations of misconduct.  As a result,

the defendant's request for Grand Jury material should be denied.


2. **Motion to Dismiss the Indictment**

The defendant, without citing any case law or any factual dispute, seeks a blanket

dismissal of the Indictment.  An indictment is sufficient if it contains the elements of the

offense charged, fairly informs a defendant of the charges against which the defendant must

defend, and enables the defendant to plead double jeopardy in the event of further

prosecution.  See Hamling v. United States, 418 U.S. 87, 117 (1974); see also United States

v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998); see also United States v. King, No. 98-CR-91A,

2000 WL 362026, at *8 (W.D.N.Y. Mar. 24, 2000).  To meet this sufficiency standard, an

indictment "need do little more than to track the language of the statute charged and state the

time and place (in approximate terms) of the alleged crime." United States v. Walsh, 194

F.3d 37, 44 (2d Cir. 1999) (internal citations omitted).  "[An] indictment does not have to

specify evidence or details of how the offense was committed" because "the validity of an indictment is tested by its allegations, not by whether the Government can prove its case." United States v. Walters, 963 F. Supp. 2d 125, 130 (E.D.N.Y. 2013).

In this case, the Indictment tracks the language of the charged statute and states the approximate date and time.  The Indictment in this matter fairly informs the defendant of the allegations lodged against him.  As such, this request should be denied.

## C.    DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS MUST BE DENIED

The defendant seeks particularization relating to the charges against him.  Because the defendant's contentions do not begin to approach the requisites necessary to justify further particularization, the request should be denied.

### 1.    The Legal Standard for a Bill of Particulars

Federal Rule of Criminal Procedure 7(f) authorizes the Court to direct a bill of particulars only in certain limited circumstances.  According to settled law, a defendant in a criminal case may only obtain a bill of particulars if the facts are "necessary to apprise the defendants of the charges against him [or her] with sufficient precision so as:  (i) to enable him [or her] to prepare his defense; (ii) to avoid unfair surprise at trial; and (iii) to preclude a second prosecution for the same offense."[1] United States v. Persico, 621 F. Supp. 842, 868

---

[1]  The "double jeopardy" justification for awarding particularization appears to have limited vitality in this Circuit given judicial recognition that the factor "does not 'add anything to the functions previously described.'"  United States v. Payden, 613 F. Supp. 800, 816 n.14 (S.D.N.Y.), aff'd, 768 F.2d 487 (2d Cir. 1985) (quoting 1 C. Wright, Federal Practice and

(S.D.N.Y. 1985) (citing Wong Tai v. United States, 273 U.S. 77, 82 (1927)); United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987).

The rationale most frequently cited by courts in refusing to compel particularization consists of the fundamental distinction between criminal and civil matters, as well as the recognition that most bills of particulars are "ill-disguised attempts" at discovery not contemplated by the Constitution or Federal Rules of Criminal Procedure.  United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Lavin, 504 F. Supp. 1356 (N.D. Ill. 1981) (defendant's requests nothing more than "improper attempts to discover the evidentiary details of the prosecution's case"); United States v. Shoher, 555 F. Supp. 346, 350 (S.D.N.Y. 1983) (requests "border on frivolous" and "probe too deeply into the Government's theory of the case").

Cognizant of these principles, courts have recognized their inherent discretion to award particularization

> must be informed, however, by certain well established considerations: whether the requested particularization is necessary to a defendant's preparations for trial and to the avoidance of unfair surprise at trial . . . It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the Government is not required to disclose additional details about the case. The court must be cognizant of the fact that a bill of particulars confines the Government's evidence at trial to the particulars furnished.

Payden, 613 F. Supp. at 816.

---

Procedure (Criminal) § 129, at 436-37 (2d Ed. 1982)).  Concern over this factor has also been described as "unfounded" given that, following trial, defendants have available the entire record of proceeding, not simply the indictment, in the event they are later put in jeopardy for some aspect of a previously charged offense.  United States v. Shoher, 555 F. Supp. 346, 351 (S.D.N.Y. 1983) (citing Russell v. United States, 369 U.S. 749, 764 (1962)).

Accordingly, a bill of particulars may not be used as a device to compel disclosure of the government's evidence prior to trial. Persico, 621 F. Supp. at 868. Further, "acquisition of evidentiary detail is not the function of a bill of particulars," Torres, 901 F. Supp. at 234 (quoting Hemphill v. United States, 392 F.2d 45, 49 (8th Cir. 1968)), and "[a]n application for a bill of particulars seeking, in effect, to obtain evidence must be rejected." United States v. Facciola, 753 F. Supp. 449, 451 (S.D.N.Y. 1990), aff'd sub nom. United States v. Skowronski, 968 F.2d 242 (2d Cir. 1992) (emphasis supplied).

Finally, a court may not compel the government to disclose its legal theory. Persico, 621 F. Supp. at 868; United States v. Biaggi, 675 F. Supp. 790, 809 (S.D.N.Y. 1987). The government need not reveal "the precise manner in which the crime charged in the indictment is alleged to have been committed, nor the exact time and place and persons present at each overt act named in the indictment." Id. The government is not required "at the pretrial stage" to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants." United States v. Addonizio, 451 F.2d 49, 64 (3rd Cir. 1971). Nor may particularization be used to "force detailed disclosure of acts underlying a charge." United States v. Mannino, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979). Indeed, because a defendant "is only entitled to know those central facts which will enable him to conduct his own investigation of the transactions that resulted in the charges against him," a bill of particulars may not be employed "to give a defendant the benefits of the Government's investigative efforts." United States v. Stroop, 121 F.R.D. 269, 272 (E.D.N.C. 1988) (citations omitted).

With these limitations in mind, courts have uniformly denied particularization when the information sought is contained in the indictment or when extensive discovery has been afforded to the defendant.  Torres, 901 F.2d at 234; Payden, 613 F. Supp. at 817.  See also, United States v. Desantis, 802 F. Supp. 794, 797-798 (E.D.N.Y. 1992) ("As a general rule if the information that the defendant seeks is to be found in the indictment or in some acceptable alternative form, no bill of particulars is required . . . .").  Furthermore, because bills of particulars are confined to those instances where information is "needed" to prepare for trial, defendants seeking particular information have the burden of articulating specific facts relating to the need for the information, rather than only referring the Court to other cases in which similar information has been provided.  Payden, 613 F. Supp. at 817.  The singular, and quite limited, function of a bill of particulars is "to provide [the] defendant[s] with information about the details of the charge[s] against . . . [them] if this is necessary to the preparation of . . . [their] defense, and to avoid prejudicial surprise at trial."  Torres, 901 F.2d at 234; see also Persico, 621 F. Supp. at 868.  A bill of particulars is accordingly "not to be used as a general investigative tool for the defense, as a device to compel disclosure of the Government's evidence or its legal theory prior to trial, or to foreclose the Government from using proof it may develop as the trial approaches."  United States v. Jimenez, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) (citations omitted).


2. __The Requests in this Case Do Not Meet the Legal Threshold__

In the instant case, it must be noted the defendant fails to articulate any facts upon which the Court could conclude the defendant has met his burden of establishing need.  The defendant requests the following: 1) specific damage to Buffalo City Hall; 2) how the fire

occurred in Buffalo City Hall; 3) how the window was broken; 4) dates, times, and locations of the defendant's crimes; and 5) names of accomplices.   The government has already provided substantially all of the discovery in its possession, including the relevant police reports that provide the basis for this case.   Additionally, the government provided video footage that captured the defendant setting fire to Buffalo City Hall.   In light of this information and the other discovery provided to the defense there is no need for a bill of particulars.  Torres, 901 F.2d at 234; Payden, 613 F. Supp. at 817.

Finally, none of the requests for particularization identify reasons why such information is "necessary to prepare for trial" or to avoid future double jeopardy.  Persico, 621 F. Supp. at 868.   Even if the defendant had articulated legitimate jeopardy concerns (which he did not), such would still not entitle him to a bill of particulars insofar as all trial proceedings in this District are transcribed and available to defeat such a possibility.  Shorer, 555 F. Supp. at 351.   Accordingly, for all of the foregoing reasons, the defendant's unsubstantiated requests for a bill of particulars should be denied.

**D.**     **DEFENDANT'S REQUEST FOR ADDITIONAL DISCOVERY**

   **1.**     **The Rule Governing Discovery and the Government's Compliance with the Rule**

In Federal Court, "pre-trial discovery in criminal cases is strictly circumscribed." United States v. Nelson, 606 F. Supp. 1378, 1389 (S.D.N.Y. 1985).   The limits of such discovery are delineated in Federal Rule of Criminal Procedure 16, "which by its terms governs discovery in criminal cases."  United States v. Armstrong, 517 U.S. 456, 461 (1996).

Rule 16(a)(1) provides, in relevant part, that the government must disclose:

A.      Defendant's Oral Statement . . . if the government intends to use the statement at trial.

B.      Defendant's Written or Recorded Statement . . . .

C.      Defendant's Prior Record . . .

D.      Documents and Objects . . .

E.      Reports of Examinations and Tests...[and]

F.      Expert Testimony.

Rule 16 specifically excludes certain items from discovery.  According to Rule 16(a)(2) and (a)(3), information not subject to disclosure or inspection includes "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case;" . . . "statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500;" and "discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2."

In the instant case, the government represents that it has provided all discovery required under Rule 16, or has made such discovery available to inspection by defense counsel.  The government has provided defendant with copies of documents and recordings, which the government may introduce at trial in this case.

The government is aware of its obligation to provide continuing Rule 16 discovery if, and when, such becomes known to the government, and agrees to comply with this requirement.

## 2.   The Defendant's Specific Requests

As for the defendant's specific requests, mostly in "discovery demands filed by his co-defendants," some of which seek information already provided, others of which are imprecise and/or improper given the parameters of Rule 16, the government replies as follows:

### a.   Statements of Defendant

The defendant has been provided with a videotaped interview of his statement at Buffalo Police Headquarters.  Additionally, the defendant has been provided with body camera footage that captured some of his statement made to Buffalo Police on scene, as well as statements made on the way to police headquarters.  Finally, the defendant has been provided with a notice of his statements, as well as a typed written, unsigned statement.

### b.   Defendant's Prior Record

As noted above, the defendant has been provided with a copy of his criminal history. He had been previously informed of his criminal history in the Pretrial Services Bail Report.

### c.   Identification

The defendant has been provided with identification evidence, including video of him committing the instant offense.

**d.**     **Documents and Tangible Objects**

The government has complied with Rule 16(a)(1)(E) to produce any documents and objects that the government would anticipate using in its case-in-chief at trial, is material to preparing a defense, or was obtained from the defendant.  This includes the identification evidence, federal/law enforcement documents, applications and affidavits for search warrants, photographs, police reports, and physical evidence.  These documents provide the defendant with notice as to what evidence the government intends to use against him in its case-in-chief.

**e.**     **Search and Seizure**

The government has provided the defense with search warrants, applications, and affidavits, related to the search of his cell phone and Facebook account.  Additionally, the government has provide the defendant with permission to search forms related to this investigation.

**f.**     **Scientific Reports/Expert Witnesses**

The government has disclosed all materials it possesses that are discoverable under Rule 16(a)(1)(F), including laboratory analyses regarding the fire at Buffalo City Hall in compliance with Rules 16(a)(1)(F) and (G).  The defense is already on notice as to who some of the government's expert witnesses will be, as reports authored by those expert witnesses have been provided to the defense.  Nevertheless, the government fully intends to comply with the District Court's Pre-Trial Order to turn over the names of any expert witnesses by the deadline as set forth in the Pre-Trial Order.

g.      **Jencks Material**

Defendant seeks early disclosure of <u>Jencks</u> Act material.  The government consents to provide Jencks material in accordance with the District Court's pretrial order before the commencement of trial in this case.  <u>United States v. Feola</u>, 651 F. Supp. 1068 (S.D.N.Y. 1987).

3.      **Rule 12 Statement**

The government intends to use all items of evidence that the defendant has been provided with or been made aware of in accordance with Federal Rule of Criminal Procedure 12(b)(4)(A).

E.      **BRADY AND GIGLIO MATERIAL**

Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, the government is under an affirmative duty to provide a defendant with exculpatory evidence, as well as evidence that the defense might use to impeach government's witnesses at trial.  <u>See</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  The government is fully aware of its obligations and responsibilities under <u>Brady</u> and acknowledges its continuing duty under <u>Brady</u> to produce such material, if and when it is aware of it.

However, <u>Brady</u> does not create a constitutional right of pretrial discovery in a criminal proceeding and it does not require that the prosecution reveal before trial the names of witnesses.  <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977); <u>see also</u> <u>Lucas v. Regan</u>, 503 F.2d 1, 3 (2d Cir. 1974), cert. denied, 420 U.S. 939 (1975) ("[n]either <u>Brady</u> nor any other

case we know of requires that disclosures under Brady must be made before trial"); United States v. Shaker, 543 F. Supp. 1059, 1061 (S.D.N.Y. 1982) ("Brady does not entitle a defendant to a general right of pre-trial discovery."). The Brady doctrine does not cover many of the requests made by the defendant.  For instance, evidence which is not exculpatory, but is relevant for the purposes of impeachment, must be produced to the defense, but need not be turned over in advance of trial.  United States v. Nixon, 418 U.S. 683, 701 (1974).  It does not require the disclosure of evidence affecting the credibility of prosecution witnesses prior to such time as it would otherwise become available under the discovery rules or the Jencks Act.  See United States v. Dotel, No. 93 CR. 173 (SWK), 1994 WL 25787, at *3 (S.D.N.Y. Jan. 21, 1994) (Brady impeachment material as to government's witnesses—i.e., Giglio material—is properly disclosed when the witness testifies at trial); United States v. Feldman, 731 F. Supp. 1189, 1200 (S.D.N.Y. 1990); United States v. Victor Teicher & Co., L.P., 726 F. Supp. 1424, 1442 43 (S.D.N.Y. 1989).  Typical impeachment material is normally disclosed at the time as Jencks Act material is turned over: after the government witness has testified on direct examination.  18 U.S.C. § 3500(b); United States v. Payden, 613 F. Supp. 800, 821 (S.D.N.Y. 1963).

Further, Brady does "not require the government to do defense counsel's pretrial preparation, nor develop defense strategy, nor does it require the government to point out the obvious." United States v. Larson, 567 F. Supp. 500, 503 (S.D.N.Y. 1983); see United States v. Ruggerio, 472 F.2d 599, 604 (2d Cir. 1973) ("The purpose of the Brady rule is not to provide a defendant with a complete disclosure of all evidence in the government's file which might

conceivably assist him in the preparation of his defense, but to assure that he will not be denied access to exculpatory evidence known to the government but unknown to him.").

In this case, the government agrees to provide impeachment <u>Giglio</u> material, i.e., promises of leniency or immunity agreements with government witnesses, plea and/or non-prosecution agreements and letters or memorandum of understanding regarding such, criminal arrest records of all prosecution witnesses, immoral, vicious or criminal acts committed by witnesses, prior inconsistent statements, any payments to witnesses or family members thereof, and all other promises or considerations given by government personnel to government witnesses or family members thereof, in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers the Jencks Act material in this case.  Courts have routinely held that a prosecutor's compliance with the disclosure of material under the Jencks Act is timely disclosure under <u>Brady</u>.  <u>See</u> <u>United States v. Martino</u>, 648 F.2d 367, 384 (5th Cir. 1981) (noting that "when alleged <u>Brady</u> material is contained in Jencks Act material, disclosure is generally timely if the government complies with the Jencks Act." (citation omitted)); <u>United States v. Anderson</u>, 574 F.2d 1347, 1352 (5th Cir. 1978) (same); <u>United States v. Persico</u>, 621 F. Supp. 842, 870 n.3 (S.D.N.Y. 1985) (same).

For the above reasons, the government hereby requests that the Court find that the government is in full compliance with its <u>Brady</u> and <u>Giglio</u> obligations, and deny the defendant's motion in this regard.

**F.**     **REQUEST FOR DISCLOSURE PURSUANT TO RULES 404(b), 608, AND 609**

The defendant moves for pretrial disclosure of any evidence the government intends to introduce at trial pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence. The government will provide notice of such information to the defense pursuant to the District Court's trial Scheduling Order, which has yet to be issued.

Rule 404(b) of the Federal Rules of Evidence requires the government to provide "reasonable notice in advance of trial" of the "general nature" of prior uncharged crimes that the government intends to use at trial. No set timetable for notice is required, and evidence the government may seek to offer at trial often changes as the proof unfolds or as possible defenses are revealed at trial. United States v. Aguirre-Parra, 763 F. Supp. 1208, 1217 (S.D.N.Y. 1991). The reasonableness of Rule 404(b) notice is determined by the particular circumstances of the case. United States v. Falkowitz, 214 F. Supp. 2d 365, 393 (S.D.N.Y. 2002) (permitting disclosure of Rule 404(b) evidence two weeks before trial).

In this case, the defendant has not advanced any concrete reason for early disclosure of Rule 404(b) evidence. See Falkowitz, 214 F. Supp. 2d at 393. The government has provided the defendant with evidence concerning his prior convictions. Further, the government has provided the defendant with evidence of him looting 7-11 approximately one and a half hours before the instant offense. The government will disclose any further evidence in its possession which might fall within the ambit of Rules 404(b), 607, 608, and 609, and will provide notice of its intention to rely upon such evidence at the time it is ordered to do so by the trial court. Nevertheless, the government notes that it has no obligation to provide

a defendant with any information that could be used to impeach him pursuant to Rule 608, should he elect to testify.  See United States v. Livoti, 8 F. Supp. 2d 246, 250 (S.D.N.Y. 1998); see also United States v. Song, 1995 WL 736872, *7 (S.D.N.Y. Dec. 13, 1995) ("Rules 608 and 609 do not require the government to produce notice of impeachment evidence."); United States v. Comer, 1996 WL 492704, *1 (N.D.N.Y. Aug. 23, 1996) (premature to disclose impeachment evidence until witnesses testify).

Furthermore, the government preliminarily notifies the defendant that it intends to introduce at trial, pursuant to Rule 404(b), all prior criminal conduct acts or wrongs for the purpose of showing proof of a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident.  This notice is only preliminary in nature and is not intended to foreclose the government from relying on other Rule 404(b) evidence should it deem the introduction of such evidence appropriate at before or during trial.  The government will provide the defendant with more definitive notice of its intent to rely on 404(b) evidence when directed by the trial judge, or during trial, if the trial judge excuses pre-trial notice on the showing of good cause.   In accordance with usual administrative practices of the trial court, issues relating to the admissibility and use of such evidence should be resolved by the trial judge at the time of pretrial conference in this case.

G.      **MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL**

The defendant acknowledges that he is entitled by statute to witness statements only after a witness has completed testimony on direct examination. Nevertheless, the defendant moves for early disclosure of Jencks materials.  The Jencks Act requires the government to

produce any prior statements of a witness that relates to the subject matter of the witness's testimony and that are in the government's possession, <u>after</u> the direct examination of the witness.  18 U.S.C. § 3500.  Because the <u>Jencks</u> Act provides the exclusive procedure for discovering statements a government witness has given to law enforcement agents, <u>United States v. Covello</u>, 410 F.2d 536, 543 (2d Cir. 1969), even the trial court lacks statutory authority to order early disclosure.  <u>In re United States</u>, 834 F.2d 283, 286-287 (2d Cir. 1987); <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974).   Nonetheless, the United States agrees to provide witness statements required by 18 U.S.C. § 3500 at the time set by the trial court pursuant to its usual practice.  <u>See United States v. Coppa</u>, 267 F.3d 132, 145-46 (2d Cir. 2001).  However, the government reserves the right to withhold witness statements until a witness has completed direct testimony where production of the witness' statement prior to trial would expose the witness to retaliation or danger to the witness or his/her family.  This pertains only to witnesses who are expected to testify at trial.  <u>See</u> § 3500(a).

## H.     MOTION FOR PRESERVATION OF ROUGH NOTES

The defendant has been provided with notes obtained during this investigation.

## I.     MOTION TO FILE ADDITIONAL MOTIONS

The defendant has further moved for leave to make further and additional motions. The defendant will be able to raise legal issues before trial to the extent the issues are not stale under Rule 12(b).  However, the defendant asks for blanket, open-ended permission to make any additional motion he may later choose to make whenever he chooses to make it.  As it stands, the defendant has already made numerous motions, each with multiple sub-categories,

in his omnibus motions.  The Court should deny this motions, without prejudice.  <u>See</u> Fed. R. Crim. P. 12(b).  The law does not permit a defendant to hold in reserve any argument he or she chooses, for whatever reason he or she chooses, until a time that he or she chooses.

## J.  <u>GOVERNMENT'S CROSS-DEMAND FOR RECIPROCAL DISCOVERY</u>

Pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, the government demands that the defendant provide the government the opportunity to inspect and copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

In addition, the government also demands that the defendant permit the government to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case or copies thereof within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness's testimony.

Finally, the government will demand, upon the District Court's setting a trial date and accompanying Scheduling Order, that the defendant provide a summary of any testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence at trial.

**<u>CONCLUSION</u>**

The government respectfully requests that the Court deny the defendant's omnibus motion (Dkt. 36), except where indicated to the contrary above.


DATED:  Buffalo, New York, August 10, 2020.


           JAMES P. KENNEDY, JR.
           United States Attorney


BY:   S/ JEREMIAH E. LENIHAN
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5805
       Jeremiah.Lenihan@usdoj.gov