UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

COURTLAND RENFORD,

   Defendant.

REPORT AND
RECOMMENDATION
AND ORDER

20-CR-00080(RJA)(JJM)

---

       Defendant Courtland Renford is charged in a one-count Indictment [5][1] with arson of a building used in interstate commerce, in violation of 18 U.S.C. §844(i), for allegedly throwing a burning laundry basket into a window of Buffalo City Hall on May 30, 2020 during protests. *See* Criminal Complaint Affidavit of Gerald O'Sullivan [1], ¶3. Following his arrest, defendant allegedly made statements to law enforcement.

       Before the court is defendant's motion to suppress his statements (Davis Declaration [36], ¶¶4-13),[2] along with the government's cross-motion for reciprocal discovery. Government's Response [40], p. 21, §J. The motions were orally argued before me on March 17, 2021. For the following reasons, the government's cross-motion is granted, and I recommend that defendant's suppression motion be denied.

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

[2]    Although defendant's pretrial motion [36] sought other forms of relief, his attorney confirmed at oral argument that this was the only issue remaining in dispute.

## DISCUSSION

A.  **Defendant's Motion to Suppress Statements**

Defendant's attorney alleges that defendant was subjected to post-arrest interrogation without being administered his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Davis Declaration [36], ¶7. He also alleges that defendant "specifically limited his acquiescence to giving a statement upon the explicit condition that such be recorded and that interrogating agents appeared to have initiated such a recording", but that "no recording was made", thereby rendering his statements involuntary. Id., ¶¶8-9.

It is well settled that "without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers". United States v. Caruso, 684 F.Supp. 84, 87 (S.D.N.Y. 1988). *See also* United States v. Gillette, 383 F.2d 843, 848-49 (2d Cir. 1967); United States v. Ahmad, 992 F.Supp. 682, 685 (S.D.N.Y. 1998) (affidavit of defense counsel seeking suppression of custodial statements for failure to provide Miranda warnings was insufficient to warrant evidentiary hearing or suppression). Therefore, "courts in this Circuit have routinely denied motions to suppress without a hearing where defendants have failed to provide affidavits alleging facts based upon personal knowledge". United States v. Gerace, 2020 WL 4227990, *3 (W.D.N.Y.), adopted, 2020 WL 4227374 (W.D.N.Y. 2020).

This court's Scheduling Order emphasized that requirement, warning that "[a]ny motion to suppress statements . . . must initially be accompanied by an appropriate affidavit from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied". [17], ¶2. Nevertheless, defendant's attorney elected *not* to include an

affidavit or declaration from defendant with his motion, stating instead that "[a]n affidavit, if necessary, to obtain a hearing, will be filed". Davis Declaration [36], ¶13. Given the Scheduling Order's clear warning, I fail to understand why he felt an affidavit might not be required. Indeed, even *after* the government argued that defendant's motion should be denied for that reason (government's Response [40]at 3-4), counsel failed to reply to that argument, despite having the opportunity to do so under the Scheduling Order ([17], ¶4). Therefore, I recommend that defendant's motion be denied.

**B.    Government's Motion for Reciprocal Discovery**

The government moves for reciprocal discovery pursuant to Rule 16(b). Government's Response [40], p. 21, §J. "Rule 16 . . . imposes reciprocal discovery obligations on defendants." United States v. Smith, 985 F.Supp.2d 506, 522 (S.D.N.Y. 2013). Defendant has not opposed this request. Therefore, the government's motion is granted.

### CONCLUSION

For these reasons, the government's motion for reciprocal discovery (government's Response [40], p. 21, §J) is granted, and I recommend that defendant's motion to suppress statements (Davis Declaration [36], ¶¶4-13) be denied.

Unless otherwise ordered by Judge Arcara, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by April 1, 2020. Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: March 18, 2020

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge