IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.     20-CR-80-A

COURTLAND RENFORD,

        Defendant.

## PLEA AGREEMENT

The defendant, COURTLAND RENFORD, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant will admit to Charge No. 3 (defendant shall comply with Location Monitoring Program) in the Petition for Offender Under Supervision, ordered on or about July 10, 2025, for which the maximum possible sentence is a term of imprisonment of 2 years and a term of supervised release of 3 years less any term of imprisonment that is imposed upon revocation of supervised release.

2. The defendant understands that, pursuant to Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure, the defendant has the right to a revocation hearing regarding the charges set forth in the Petition for Offender Under Supervision, and is further entitled: (1) to written notice of the alleged violation; (2) to disclosure of the evidence against the

defendant; (3) to appear and present evidence on the defendant's behalf; (4) to question adverse witnesses; and (5) to be represented by counsel. The defendant also understands that at such a hearing it would be the government's burden to prove the charged violation by a preponderance of the evidence. The defendant acknowledges and understands these rights and waives them voluntarily and of the defendant's own free will.

## FACTUAL BASIS

3. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty:

   a. On December 21, 2021, the defendant, Courtland Renford, was sentenced by U.S. District Judge Richard J. Arcara to 60 months' imprisonment for rioting, in violation of 18 U.S.C. § 2101(a). The defendant was also sentenced to a 3-year term of supervised release. The defendant's term of supervision began on April 21, 2025. On June 6, 2025, Renford's supervised release conditions were modified to include three months of Location Monitoring (curfew component).

   b. On June 17, 2025, the U.S. Probation Office reviewed Renford's locations and determined that on June 13, 2025, Renford was outside of his residence after curfew. Renford was also late for curfew on June 28, 2025, and July 1, 2025. The defendant admits that he violated the terms of his Location Monitoring condition.

## II. SENTENCING GUIDELINES

4. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

5.     The government and the defendant agree that Guidelines § 7B1.1(a)(3) applies to the violation and that the violation is a grade C violation. The defendant has a criminal history category of IV and the Guidelines range for imprisonment is 6 to 12 months.

6.     The defendant understands that the Court must consider imposing a sentence within the above range, but the Court is not bound by this range and may impose any sentence of imprisonment it deems reasonable up to 2 years.

7.     The defendant understands that the Probation Office will make an independent determination of the defendant's sentencing range and that the Court will ultimately determine the appropriate sentence. The defendant will not be entitled to withdraw the plea of guilty because of the sentence imposed by the Court.

## III. GOVERNMENT RIGHTS AND RESERVATIONS

8.     The defendant understands that the government has reserved the right to:

a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

c.  modify its position with respect to any recommendation the government agreed to make or not oppose in the event that subsequent to this agreement the government receives previously unknown information,

including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation.

9. At sentencing, the government will move to dismiss the remaining charges in the Petition for Offender Under Supervision.

## IV. APPEAL RIGHTS

10. The defendant agrees that the defendant will not appeal a sentence of imprisonment imposed by the Court which falls within or is less than the sentencing range for imprisonment set forth in Section II, ¶ 5, above (6 to 12 months), notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

11. The government agrees not to appeal a sentence of imprisonment imposed by the Court which falls within or is greater than the sentencing range for imprisonment of set forth in Section II, ¶ 5, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal from the sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence. Further, the government otherwise reserves all of its rights of appeal as provided for in the Sentencing Reform Act of 1984.

## V. TOTAL AGREEMENT AND AFFIRMATIONS

12. This plea agreement represents the total agreement between the defendant, COURTLAND RENFORD, and the government. There are no promises made by anyone other than those contained in this agreement.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: *(signature)*
TIMOTHY C. LYNCH
Assistant United States Attorney

Dated: August 11, 2025

I have read this agreement, which consists of 5 pages. I have had a full opportunity to discuss this agreement with my attorney, John Morrissey, Assistant Federal Public Defender. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
COURTLAND RENFORD
Defendant

Dated: August 11, 2025

_____
JOHN MORRISSEY, AFPD
Attorney for the Defendant

Dated: August 11, 2025